## Moran *vs.* McClearns

In an action for wrongfully diverting a watercourse on the plaintiff's land, where the defendant justifies as overseer of highways, it is erroneous for the judge to instruct the jury that such diversion was unlawful, and that the plaintiff is entitled to recover the damages he has sustained by reason thereof; it being an instruction to the jury that the plaintiff is entitled to recover, and not a mere intimation of an opinion on a question of fact.

It is also error for the court to instruct the jury that if they should come to the conclusion that the defendant acted *maliciously* in diverting the water, to injure the plaintiff, then the latter is entitled to recover all the damages he has sustained; whether the defendant had a right to turn the water or not; this amounting to an instruction to the jury that notwithstanding a public officer may be fully warranted and duly authorized, in law, to do the act complained of, yet his motives are the subject of inquiry by the jury, and that if they come to the conclusion that his motives were selfish and sinister, then the act becomes unlawful.

Such a rule, determining the liability of public officers, not according to the lawfulness of their acts, but according to what a jury may suppose to have been their secret motives, could not be tolerated.

APPEAL by the defendant from a judgment of the county court of Onondaga county.

The action was commenced in a justice's court, where the plaintiff recovered a judgment for $140 damages. On appeal to the county court, the jury found a verdict in favor of the plaintiff, for $150.

The material facts are stated in the opinion of the court.

*Fuller & Vann*, for the appellant.

*Ludington & Gillespie*, for the respondent.

*By the Court*, TALCOTT, J.  The action was for wrongfully diverting a watercourse on the plaintiff's land, to his damage.  The defendant justified as overseer of highways.  The facts seem to have been that the defendant, as overseer of highways, had opened a ditch on the west side of a road in his district, which had, for some time,

Moran *v.* McClearns.

been obstructed, and also destroyed a sluiceway which had been constructed by the trustees of a school district, across the same road, whereby the water flowing on the west side was carried across onto an east and west road; the effect of which was, at times, to excavate the east and west road, and render it dangerous, if not impassable. Another effect of the sluiceway which had been made by the trustees of the school district, was to throw upon the defendant's farm, water from the west ditch, which had not before been accustomed to flow upon his land, and to subtract a considerable quantity of water from that which had formerly flowed down the west ditch, and thence, by another existing sluiceway, across the road onto the land of the plaintiff. It was claimed by the plaintiff, that in thus changing the course of the water, the defendant was actuated by motives of self interest, to protect his own land, or by a design to injure the plaintiff, and not by motives connected with the public interest. On the trial, the question as to where the water had been accustomed to flow before the trustees of the school district had changed its course, was litigated; and the defendant gave evidence tending to show that, from time immemorial, the water had been used to flow down the west ditch until the time when it was thus intercepted by the trustees of the school district; and also tending to show the material injury to the east and west highway which was produced by the change which had been made; and tending to show that the acts done by the defendant only restored the watercourse to its ancient condition, and were proper to protect the east and west highway.

Among a great variety of propositions, the court, on the trial, stated to the jury as follows: "I think, therefore, that the diversion of these waters upon the plaintiff's land was wrongful, and that the plaintiff is entitled to recover the damages he has sustained by reason of the diversion of these waters upon his land." To this the

defendant excepted. This appears to have been an instruction to the jury that the plaintiff was entitled to recover, and not a mere intimation of an opinion on a question of fact, and must have been so received.

Now, whether the diversion was wrongful or not, depended upon a variety of questions of fact, which were, and fairly might be, controverted upon the evidence; and the statement of the court to the jury seems to preclude any consideration by them of the various facts in controversy, and upon which the legal right depended, and which it was error to withdraw from the jury and pass upon as a question of law.

Again; the court instructed the jury as follows: "If you come to the conclusion that the defendant acted maliciously in diverting this water; that he did not do it because he deemed it a public duty, or because he deemed it reasonable and proper for him to do it as a public officer, but he did it maliciously, to injure Mr. Moran, then the plaintiff is entitled to recover all the damages he has sustained, whether he had a right to turn the water or not." This instruction was excepted to. It amounts to an instruction to the jury, that notwitstanding a public officer may be fully warranted and duly authorized in law to do the act complained of, yet his motives are, in such a case, the subject of inquiry by the jury, and if they come to the conclusion that his motives were selfish and sinister, then the act becomes unlawful. It is scarcely necessary to say that such a rule determining the liability of public officers, not according to the lawfulness of their acts, but according to what a jury may suppose to have been their secret motives, could not be tolerated. In civil actions the inquiry is, first, as to the lawfulness of the act complained of. If the act be unlawful, the motives which have actuated a party, may, in many cases, operate upon the question of damages, but the motives can rarely be a subject of inquiry where the act done was in the exercise of a clear

legal right. It was no valid objection to the justification of the defendant that he. had not been ordered by the commissioners of highways to make the repairs in question. It is made the duty of overseer of highways, under a penalty, to keep the highways in his district in repair, and it is well settled that this duty devolves upon him whether he has been directed by the commissioners or not. (*McFadden* v. *Kingsbury*, 11 *Wend.* 667.)

The judgment of the county court must be reversed, and a new trial in that court granted; costs to abide the event.

[FOURTH DEPARTMENT, GENERAL TERM, at Syracuse, May 1, 1871. *Mullin*, P. J., and *Johnson* and *Talcott*, Justices.]